UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JOSEPH C. COX, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:24-CV-28-KAC-JEM |
| JOSEPH FARMER, FRANK STRADA, BEATHANY BUCHANAN, ADAM JENKS, and MICHAEL PARRIS, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a pro se prisoner in the custody of the Tennessee Department of Correction ("TDOC"), filed a civil rights Complaint under 42 U.S.C. § 1983 [Doc. 1] and a "Motion to Proceed Indigent" [Doc. 2]. For the reasons set forth below, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and **DISMISSES** the Complaint for failure to state a claim upon which Section 1983 relief may be granted.

### I. MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] that he cannot pay the filing fee in one lump sum. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** the Motion [Doc. 1].

Plaintiff is **ASSESSED** the civil filing fee of three hundred fifty dollars ($350.00). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S.

District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. *See* 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Case 3:24-cv-00028-KAC-JEM   Document 4   Filed 09/24/24   Page 2 of 5   PageID #: 34

Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim that are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681. However, the Supreme Court has instructed that courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

**B.     Plaintiff's Allegations**

On September 20, 2023, Plaintiff received a disciplinary charge for possession of a deadly weapon [Doc. 1 at 2, 12]. On October 3, 2023, Plaintiff waived his due process rights and agreed to plead guilty to the charge and receive a five-dollar fine, ten (10) days of "Psg[,]" and recommendation for "I.A.S. Placement"[1] [*Id*. at 2, 13]. Plaintiff was not advised that his good-time credits would be revoked if he pleaded guilty [*Id*. at 2]. Nevertheless, allegedly in violation of TDOC policy and federal law, Defendants recommended and/or approved the revocation of six (6) months of Plaintiff's good-time credit after Plaintiff signed his plea agreement [*Id*. at 4-7, 8, 19, 20]. This pushed Plaintiff's release date back [*Id*. at 7]. Plaintiff filed this lawsuit seeking (1) the restoration of his good-time credits, (2) immediate release, and (3) $4,500 in monetary compensation for each day he has been held past his correct release date [*Id*.].

**C.     Analysis**

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Braley v. City of Pontiac*, 906

---

[1] Plaintiff does not explain, and the Court cannot surmise, what "Psg" or "I.A.S." are intended to mean.

F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). Insofar as Plaintiff is seeking monetary compensation arising from his continued confinement, he is prohibited from obtaining such damages in a Section 1983 action unless he can prove that his disciplinary conviction has been reversed or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying *Heck* to disciplinary proceedings that resulted in deprivation of good-time credits). And the exclusive federal remedy for a prisoner to challenge the fact or duration of his confinement is a writ of habeas corpus. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).

The Supreme Court has summarized its line of cases reflecting these principles:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Here, Plaintiff has not demonstrated that the disciplinary conviction resulting in the loss of good-time credits has been invalidated or overturned. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief may be granted. And the Court **DISMISSES** Plaintiff's Complaint.

### III. CONCLUSION

For the reasons set forth above:

1. The Court **GRANTED** Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the Complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted. Accordingly, the Court **DISMISSES** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

    **SO ORDERED.**

    **ENTER:**

    /s/ Katherine A. Crytzer
    KATHERINE A. CRYTZER
    United States District Judge

5

Case 3:24-cv-00028-KAC-JEM   Document 4   Filed 09/24/24   Page 5 of 5   PageID #: 37